UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO. 05-02

UNITED STATES OF AMERICA,                                                                                    PLAINTIFF,

v.                                              **OPINION AND ORDER**

JOHNNY RAY TURNER, ROSS HARRIS
and LOREN GLENN TURNER,                                                                                    DEFENDANTS.

* * * * * * *

This matter is before the Court on the Motions of Defendant Johnny Ray Turner to Compel the government to grant testimonial use immunity to co-Defendant Loren Glenn Turner ("Glenn Turner") (Rec. Nos. 55, 94) and his Motion to Sever Defendants (Rec. No. 54). After reviewing the pleadings on these motions, the Court has For the following reasons, the Court DENIES both motions.

**I.      Background**.

Johnny Ray Turner filed a Petition for Testimonial Use Immunity for Loren Glenn Turner (Rec. No. 55) in which he petitioned the government to grant testimonial use immunity to co-Defendant Glenn Turner. In his petition, Johnny Ray Turner asserted that, upon information and belief, Glenn Turner will testify that Johnny Ray Turner did not agree to, possess knowledge of, engage in or otherwise participate in any of the illegal activity alleged in the Indictment. (Rec. No. 55 at 4). He further asserted that this exculpatory testimony could only be provided by Glenn Turner and only if Glenn Turner were granted testimonial use immunity.

In its response (Rec. No. 74), the government indicated it would not grant Glenn Turner immunity because the summary of the expected testimony provided by Johnny Ray Turner in the petition was too general and a more detailed proffer of the expected testimony was required. In his Reply brief (Rec. No. 94), Johnny Ray Turner then moved the Court to compel the government to grant Glenn Turner testimonial use immunity.

The grant of immunity by a prosecutor is governed by 18 U.S.C. § 6002, *et seq.* "That statute gives the executive branch sole authority to grant 'use immunity to witnesses." *United States v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991)(citing 18 U.S.C. § 6003). In *United States v. Talley*, the Sixth Circuit stated, "[w]e have consistently held that a district court is without authority to either grant immunity to a witness who asserts his Fifth Amendment privilege against self incrimination, or to force the government to do so." 164 F.3d 989, 997 (6th Cir. 1999).

The Court further explained that the Sixth Circuit had, "discussed, but not explicitly accepted, two limited situations in which such immunity may be warranted: where immunity is necessary to enable a defendant to present an effective defense and/or to remedy prosecutorial misconduct." *Id.* As to the first limited exception, the Court stated, "this court has previously discussed and rejected the so-called 'effective defense' theory." *Id.* (citing to *Mohney*, 949 F.2d at 1401). Nevertheless, the Court went on to note that "[w]e recognize that in certain limited situations, the government's selective grant of immunity to its own witnesses, while denying immunity to the defendant's witnesses may deprive the defense of a fair trial, and in some cases require a judicially compelled immunity grant." *Id.*

As to the prosecutorial misconduct exception, the Court stated it had discussed, "but not yet decided, whether to adopt a rule allowing the district court to grant immunity in limited circumstances in order to remedy prosecutorial misconduct." *Id*. at 998. "Under this theory, due process requires an immunity grant where the prosecution abuses its discretion by intentionally attempting to distort the fact-finding process. To this end, the defendant must establish that the government's decisions were made with the deliberate intention of distorting the judicial fact finding process." *Id.* (quotations and citation omitted).

This Court declines to compel the government to grant testimonial use immunity to Glenn Turner. First, it is far from clear whether it has any power to do so.  Further, even the two limited exceptions that may permit a Court to compel the granting of immunity, which the Sixth Circuit has discussed without ever adopting, do not apply here.  In his Motion to Compel, Johnny Ray Turner makes no allegation that the

2

government's granting of immunity to its own witnesses has produced "egregiously lopsided access to evidence." *Talley*, 164 F.3d at 997(quoting *Mohney*, 164 F.3d at 1402). Nor is there any evidence that the government has declined to grant Glenn Turner immunity because it deliberately intends to distort the fact-finding process.

Accordingly, the Court will DENY Johnny Ray Turner's motion to compel the government to grant testimonial use immunity to Glenn Turner. In his Motion to Sever (Rec. No. 54), Johnny Ray Turner asserts that severance is required if Glenn Turner is granted testimonial use immunity. Because the Court has denied the motion to compel the granting of testimonial use immunity and the government has not granted Glenn Turner such immunity, Johnny Ray Turner's Motion to Sever must also be denied.

Accordingly, for all the above reasons, Johnny Ray Turner's Motion to Compel (Rec. Nos. 55, 94) the government to grant Glenn Turner testimonial use immunity is hereby DENIED; and Johnny Ray Turner's Motion to Sever (Rec. No. 54) is hereby DENIED.

This 5th day of December, 2005.

Signed By:
*Karen K. Caldwell*
United States District Judge