UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO. 05-02

UNITED STATES OF AMERICA, PLAINTIFF,

v.   **OPINION AND ORDER**

JOHNNY RAY TURNER, ROSS HARRIS
and LOREN GLENN TURNER, DEFENDANTS.

\* \* \* \* \* \* \*

This matter is before the court on Defendant Johnny Ray Turner's Motion to Dismiss the Indictment for Failure to Bring Charges in Timely Manner (Rec. No. 60). After reviewing the pleadings, the Court has determined it may resolve this motion without oral argument. For the following reasons, the motion is DENIED.

**I.   Facts.**

The Defendants, Johnny Ray Turner, Loren Glenn Turner ("Glenn Turner") and Ross Harris ("Harris"), are charged with one count of committing mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud and vote-buying in violation of 18 U.S.C. § 371 in connection with a 2000 Democratic primary election for Kentucky state senator in which Johnny Ray Turner beat incumbent Benny Ray Bailey. (Rec. No. 1, Indictment).

As to the mail fraud count, the Indictment alleges that "[f]rom on or about January 25, 2000, until on or about a day in late 2000," the Defendants devised a scheme and artifice 1) to defraud the Kentucky Registry of Election Finance ("KREF"); 2) to deprive Kentucky citizens of the "honest services" of a candidate for public office; and 3) to obtain money and things of value, that is, the salary and emoluments of a Kentucky state senator, by material false and fraudulent pretenses and representations. (Rec. No. 1, Complaint, Count 1, ¶ 2).

The Indictment charges that the Defendants falsely asserted in their post-election report to KREF

that 1) contributions made to the Johnny Ray Turner campaign were made by the candidate himself or by other individuals when the Defendants actually knew that the contributions came from Ross Harris; and 2) that numerous checks paid by the campaign to numerous individuals were legitimate expenditures for "voter hauling" and "campaign worker," when the Defendants knew that the checks were distributed for the purpose of influencing the recipients to vote for Johnny Ray Turner.  (Rec. No. 1, Indictment, Count 1, ¶ 2).

Also as to the mail fraud charge in Count 1, the Indictment alleges that "[f]or the purpose of executing and attempting to execute the scheme to defraud and to obtain things of value by false and fraudulent pretenses, on or about December 12, 2000," one or more of the Defendants caused to be delivered by mail to KREF a package containing an amended post-election report pertaining to the primary election. (Rec. No. 1, Indictment, Count 1, ¶ 3).

As to the second count, the conspiracy to commit mail fraud and vote-buying count, the Indictment alleges that the Defendants conspired to commit mail fraud in violation of 18 U.S.C. § 1341 and to pay persons to vote in violation of 42 U.S.C. § 1973i. (Rec. No. 1 Indictment, Count 2, ¶ 2).  The Indictment alleges that 1) "from on or about a day in late January 2000 until on or about a day in late May 2000," Glenn Turner and others gave cash from Ross Harris to various "straw contributors" to reimburse them for checks they were asked to write to the Johnny Ray Turner campaign, (Rec. No. 1, Indictment, Count 2, ¶ 4); 2) In the spring of 2000, Glenn Turner wrote or caused to be written blank checks for amounts of $24, $25, $36, $48, $50 and $60 denoted for "vote hauling" and "campaign worker" to be distributed to voters to influence them to vote for Johnny Ray Turner (Rec. No. 1, Indictment, Count 2, ¶ 7); 3)  the checks were given to middlemen who then distributed them to voters around the various counties,  (Rec. No. 1, Indictment, Count 2, ¶ 7); 4) Glenn Turner and others selected the names of persons to list on a KREF report as recipients of checks for "vote hauling" and "campaign worker" when the persons had not received such checks, (Rec. No. 1, Indictment, Count 2, ¶ 8); and 5) that Johnny Ray Turner accepted money from Ross Harris to cover

personal contributions to the Johnny Ray Turner campaign. (Rec. No. 1, Indictment, Count 2, ¶ 9).

**II.     Law and Analysis.**

With this Motion to Dismiss, the Defendant Johnny Ray Turner ("Turner") asks the Court to dismiss the Indictment because he argues the statute of limitations has expired for both the mail fraud charge and the conspiracy charge.

Again, the Indictment charges that the Defendants committed mail fraud and conspired to commit mail fraud and to violate 42 U.S.C. § 1973i(c) by buying votes. Turner argues that the statute of limitations for the mail fraud and conspiracy charges is found in 2 U.S.C. § 455(a). That limitations provision is found in Chapter 14 of Title 2 of the U.S. Code which governs "Federal Election Campaigns." Subchapter I of Chapter 14 governs the "Disclosure of Federal Campaign Funds."

Section 455(a) now states that "[n]o person shall be prosecuted, tried, or punished for any violation of subchapter I of this chapter, unless the indictment is found or the information is instituted within 5 years after the date of the violation." However, in the year 2000 – the year of the violations alleged in this matter– the statute provided for a three year statute of limitations. *See* Bipartisan Campaign Reform Act of 2002 (the "Act") Pub. L. No. 107-155, 116 Stat 81, 106 (2002). In the Act, Congress specifically provided that "[t]he amendment made by this section shall apply to violations occurring on or after the effective date of this Act." *Id*. The effective date of the Act was November 6, 2002. *Id*. at 112.

Turner argues that 2 U.S.C. § 455 is the most "specific statute of limitations regarding Federal Election offenses." (Rec. No. 60 at 4). Thus, he argues, it should apply to the crimes charged in the Indictment pursuant to the rule of statutory construction that a specific statute governs a general one. (Rec. No. 60 at 3-4). Furthermore, he argues that the applicable statute of limitations is the three-year period contained in Section 455 in the year 2000, when the violations at issue allegedly occurred. Accordingly, Turner argues that, because the Indictment was not filed until May 2005 – more than four years after the mailing at issue and almost five years after the alleged payments to voters – the Indictment must be

3

dismissed.

Section 455 does not apply to the crimes alleged in the Indictment. By its express terms, Section 455 applies to violations of subchapter I of Chapter 14 which governs the "Disclosure of Federal Campaign Funds." Here, the Indictment does not charge that the defendants violated subchapter I of Chapter 14 or that they violated any law regarding the disclosure of federal campaign funds. Instead, the Defendants are charged with mail fraud and conspiracy for allegedly falsely reporting contributions to a state senate campaign and paying individuals to vote in a state senate campaign.

The statute of limitations for mail fraud is five years. *See* 18 U.S.C. § 3282; *United States v. Davis*, 873 F.2d 900, 908 (6th Cir. 1989). Likewise, the statute of limitations for conspiracy is five years. 18 U.S.C. § 3282; *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). Accordingly, the charges in the Indictment are not time barred.

Dated this 13th day of December, 2005.

**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**