Eastern District of Kentucky
FILED

DEC 16 2005

AT FRANKFORT
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO. 05-02

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| v. **OPINION AND ORDER** | |
| JOHNNY RAY TURNER, ROSS HARRIS and LOREN GLENN TURNER, | DEFENDANTS. |

\* \* \* \* \* \* \*

This matter is before the court on Defendant Johnny Ray Turner's Motion to Dismiss Count Two of the Indictment as Duplicitous (Rec. No. 56). After reviewing the pleadings, the Court has determined it may resolve this motion without oral argument. For the following reasons, the motion is DENIED.

**I.     Facts.**

The Defendants, Johnny Ray Turner, Loren Glenn Turner ("Glenn Turner") and Ross Harris ("Harris"), are charged with one count of committing mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud and vote-buying in violation of 18 U.S.C. § 371 in connection with a 2000 Democratic primary election for Kentucky state senator in which Johnny Ray Turner beat incumbent Benny Ray Bailey. (Rec. No. 1, Indictment).

As to the mail fraud count, the Indictment alleges that "[f]rom on or about January 25, 2000, until on or about a day in late 2000," the Defendants devised a scheme and artifice 1) to defraud the Kentucky Registry of Election Finance ("KREF"); 2) to deprive Kentucky citizens of the "honest services" of a candidate for public office; and 3) to obtain money and things of value, that is, the salary and emoluments of a Kentucky state senator, by material false and fraudulent pretenses and representations. (Rec. No. 1, Complaint, Count 1, ¶ 2).

The Indictment charges that the Defendants falsely asserted in their post-election report to KREF that 1) contributions made to the Johnny Ray Turner campaign were made by the candidate himself or by other individuals when the Defendants actually knew that the contributions came from Ross Harris; and 2) that numerous checks paid by the campaign to numerous individuals were legitimate expenditures for "voter hauling" and "campaign worker," when the Defendants knew that the checks were distributed for the purpose of influencing the recipients to vote for Johnny Ray Turner. (Rec. No. 1, Indictment, Count 1, ¶ 2).

Also as to the mail fraud charge in Count 1, the Indictment alleges that "[f]or the purpose of executing and attempting to execute the scheme to defraud and to obtain things of value by false and fraudulent pretenses, on or about December 12, 2000," one or more of the Defendants caused to be delivered by mail to KREF a package containing an amended post-election report pertaining to the primary election. (Rec. No. 1, Indictment, Count 1, ¶ 3).

As to the second count, the conspiracy to commit mail fraud and vote-buying count, the Indictment alleges that the Defendants conspired to commit mail fraud in violation of 18 U.S.C. § 1341 and to pay persons to vote in violation of 42 U.S.C. § 1973i. (Rec. No. 1 Indictment, Count 2, ¶ 2). The Indictment alleges that 1) "from on or about a day in late January 2000 until on or about a day in late May 2000," Glenn Turner and others gave cash from Ross Harris to various "straw contributors" to reimburse them for checks they were asked to write to the Johnny Ray Turner campaign, (Rec. No. 1, Indictment, Count 2, ¶ 4); 2) in the spring of 2000, Glenn Turner wrote or caused to be written blank checks for amounts of $24, $25, $36, $48, $50 and $60 denoted for "vote hauling" and "campaign worker" to be distributed to voters to influence them to vote for Johnny Ray Turner (Rec. No. 1, Indictment, Count 2, ¶ 7); 3) the checks were given to middlemen who then

2

distributed them to voters around the various counties, (Rec. No. 1, Indictment, Count 2, ¶ 7); 4) Glenn Turner and others selected the names of persons to list on a KREF report as recipients of checks for "vote hauling" and "campaign worker" when the persons had not received such checks, (Rec. No. 1, Indictment, Count 2, ¶ 8); and 5) that Johnny Ray Turner accepted money from Ross Harris to cover personal contributions to the Johnny Ray Turner campaign. (Rec. No. 1, Indictment, Count 2, ¶ 9).

## II.   Law and Analysis.

In his Motion to Dismiss, Johnny Ray Turner argues that Count 2 of the Indictment should be dismissed because it is duplicitous. Count 2 is a single conspiracy count alleging that the Defendants conspired (1) to commit mail fraud in violation of 18 U.S.C.§ 1341 and § 1346 and (2) to pay people to vote in violation of 42 U.S.C. § 1973i. Johnny Ray Turner argues this charge will result in jury confusion and subjects him to being convicted of conspiracy by a less- than-unanimous jury because, for example, six jurors may be convinced that only the mail fraud conspiracy existed while the other six may believe only the vote-buying conspiracy existed. (Rec. No. 56, Motion to Dismiss at 3). Turner also appears to argue that the mail- fraud conspiracy allegation relies upon the same facts as the vote-buying conspiracy allegations and that a jury may convict the Defendant of the single count of conspiracy simply out of confusion.

> An indictment is "duplicitous" when it joins in a single count two or more distinct and separate offenses. The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense. The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment. Defendant's remedy is to move to require the prosecution to elect either the count or the charge within the count upon which it will rely. Additionally, a duplicitous or multiplicitous indictment is remediable by the court's instruction

3

>      to the jury particularizing the distinct offense charged in each count
>      in the indictment.

*United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)(quotations and citations omitted). The Sixth Circuit has stated, however, that "[i]t has been clear since *Braverman v. United States*, 317 U.S. 49 (1942), that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime." *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999).

When a conspiracy to violate two statutes is alleged, the jury may find the defendant guilty of the conspiracy charge if the evidence establishes beyond a reasonable doubt that the defendant conspired to violate either statute. *United States v. Parks*, 68 F.3d 860, 866 (5th Cir. 1995); *United States v. Jowers*, 125 F.3d 856, 1997 WL 539692 at * 3 n.2 (6th Cir. 1997)(unpublished opinion). Any possible jury confusion will be prevented with instructions regarding each statute and regarding the requirement of unanimity on each prong of the conspiracy and with verdict interrogatories requiring the jurors to indicate their unanimous decision regarding each prong of the conspiracy.

Accordingly, for all the above reasons, Defendant Johnny Ray Turner's Motion to Dismiss Count Two of the Indictment as Duplicitous (Rec. No. 56) is hereby DENIED.

This the __16__ day of December, 2005.

*/s/ Karen Caldwell*
KAREN K. CALDWELL, JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4