Eastern District of Kentucky
FILED

DEC 16 2005

AT FRANKFORT
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL NO. 05-02

UNITED STATES OF AMERICA,     PLAINTIFF,

v.     **OPINION AND ORDER**

JOHNNY RAY TURNER, ROSS HARRIS
and LOREN GLENN TURNER,     DEFENDANTS.

\* \* \* \* \* \* \*

This matter is before the court on Defendant Johnny Ray Turner's Motion to Sever Counts One and Two (Rec. No. 62). After reviewing the pleadings, the Court has determined it may resolve this motion without oral argument. For the following reasons, the motion is DENIED.

**I.     Facts.**

The Defendants, Johnny Ray Turner, Loren Glenn Turner ("Glenn Turner") and Ross Harris ("Harris"), are charged with one count of committing mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud and vote-buying in violation of 18 U.S.C. § 371 in connection with a 2000 Democratic primary election for Kentucky state senator in which Johnny Ray Turner beat incumbent Benny Ray Bailey. (Rec. No. 1, Indictment).

As to the mail fraud count, the Indictment alleges that "[f]rom on or about January 25, 2000, until on or about a day in late 2000," the Defendants devised a scheme and artifice 1) to defraud the Kentucky Registry of Election Finance ("KREF"); 2) to deprive Kentucky citizens of the "honest services" of a candidate for public office; and 3) to obtain money and things of value, that is, the salary and emoluments of a Kentucky state senator, by material false and fraudulent pretenses and representations. (Rec. No. 1, Complaint, Count 1, ¶ 2).

The Indictment charges that the Defendants falsely asserted in their post-election report to

KREF that 1) contributions made to the Johnny Ray Turner campaign were made by the candidate himself or by other individuals when the Defendants actually knew that the contributions came from Ross Harris; and 2) that numerous checks paid by the campaign to numerous individuals were legitimate expenditures for "voter hauling" and "campaign worker," when the Defendants knew that the checks were distributed for the purpose of influencing the recipients to vote for Johnny Ray Turner. (Rec. No. 1, Indictment, Count 1, ¶ 2).

Also as to the mail fraud charge in Count 1, the Indictment alleges that "[f]or the purpose of executing and attempting to execute the scheme to defraud and to obtain things of value by false and fraudulent pretenses, on or about December 12, 2000," one or more of the Defendants caused to be delivered by mail to KREF a package containing an amended post-election report pertaining to the primary election. (Rec. No. 1, Indictment, Count 1, ¶ 3).

As to the second count, the conspiracy to commit mail fraud and vote-buying count, the Indictment alleges that the Defendants conspired to commit mail fraud in violation of 18 U.S.C. § 1341 and to pay persons to vote in violation of 42 U.S.C. § 1973i. (Rec. No. 1 Indictment, Count 2, ¶ 2). The Indictment alleges that 1) "from on or about a day in late January 2000 until on or about a day in late May 2000," Glenn Turner and others gave cash from Ross Harris to various "straw contributors" to reimburse them for checks they were asked to write to the Johnny Ray Turner campaign, (Rec. No. 1, Indictment, Count 2, ¶ 4); 2) in the spring of 2000, Glenn Turner wrote or caused to be written blank checks for amounts of $24, $25, $36, $48, $50 and $60 denoted for "vote hauling" and "campaign worker" to be distributed to voters to influence them to vote for Johnny Ray Turner (Rec. No. 1, Indictment, Count 2, ¶ 7); 3) the checks were given to middlemen who then distributed them to voters around the various counties, (Rec. No. 1, Indictment, Count 2, ¶ 7); 4)

Glenn Turner and others selected the names of persons to list on a KREF report as recipients of checks for "vote hauling" and "campaign worker" when the persons had not received such checks, (Rec. No. 1, Indictment, Count 2, ¶ 8); and 5) that Johnny Ray Turner accepted money from Ross Harris to cover personal contributions to the Johnny Ray Turner campaign. (Rec. No. 1, Indictment, Count 2, ¶ 9).

## II.   Law and Analysis.

In his Motion to Sever Counts One and Two, Johnny Ray Turner argues that the Court should order that the two counts be tried separately in order to "avoid jury confusion and spillover of the issues involved in separate and distinct counts." (Rec. No. 62, Motion to Sever at 2). Turner argues that the jury will confuse the elements required for the "conspiracy" charged in Count Two and for the mail fraud "scheme" charged in Count One. Turner also argues that the Court should try Count Two – the conspiracy charge – in the Pikeville jury division instead of the Frankfort jury division where the Indictment was filed because Pikeville is a more convenient forum for the witnesses and Defendants and because, Turner argues, Count Two involves events that occurred solely within the Pikeville jury division.

"Even when joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by the joinder of the offenses." *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001)(citing Fed.R.Crim.P. 14). In determining whether to sever counts, the Court should balance the public's interest in avoiding a multiplicity of litigation and the defendant's interest in obtaining a fair trial and all other relevant circumstances. *Id.* (citations omitted).

Turner argues that, without severance, the jury will confuse the elements required for mail

3

fraud and conspiracy. To the extent that any such confusion is a possibility, proper jury instructions as to each count will overcome any prejudice to Turner resulting from trying the two counts together. Further, Counts One and Two are related, both charging improprieties with regard to the same election. Thus, the public has an interest in these counts being tried simultaneously instead of in multiple trials.

Finally, as to the issue of trying one count only in Pikeville, this Court has previously denied Turner's motion to transfer the trial of this entire matter to Pikeville. (Rec. No. 97). The Court found that the Eastern District of Kentucky was the proper venue for this action and that the Indictment was properly filed in the Frankfort jury division. After considering the convenience of the Defendants and the witnesses and the prompt administration of justice, the Court determined that transferring the trial of this entire matter to the Pikeville jury division was not warranted. Conducting two separate trials in two separate places on two related counts as Johnny Ray Turner now requests would clearly be inconvenient for the Defendants and the witnesses and contrary to the prompt administration of justice.

Accordingly, for all the above reasons, Johnny Ray Turner's Motion to Sever Counts One and Two (Rec. No. 62) is hereby DENIED.

This 16 day of December, 2005.

KAREN K. CALDWELL, JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4